[Cite as *A.W.R. v. S.L.R.*, 2026-Ohio-3111.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| A.W.R., | : | |
|     Plaintiff-Appellant, | : | |
| v. | : | Nos. 114275 and 114321 |
| S.L.R., ET AL., | : | |
|     Defendant-Appellee. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
PART AND REMANDED
**RELEASED AND JOURNALIZED:**

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-379000

---

### *Appearances:*

Rosenthal │ Lane, L.L.C. and James L. Lane, *for appellee*.

McCarthy, Lebit, Crystal & Liffman Co., LPA, David Cuppage and Lauren K. Mayell, *for appellant* L.C.R.

Scot Stevenson, J.:

{¶ 1} Appellant-Plaintiff A.R. and Appellant-Third-Party Defendant L.R. separately appeal the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, granting Plaintiff-Appellee A.R. and Defendant-

Appellee S.R. a divorce. We affirm in part and reverse in part and remand for further proceedings consistent with this decision.

I.

{¶ 2} A.R. and S.R. were married in May 2005. L.R. is A.R.'s mother.

{¶ 3} On July 2, 2007, A.R. and S.R. purchased real estate in Rocky River, Ohio to be utilized as their marital home ("Marital Home"). On or about September 17, 2007, A.R. and S.R. executed a promissory note in the principal amount of $363,895.50 payable to A.R.'s father. To secure payment of the note, A.R. and S.R. executed a mortgage deed on the Marital Home in favor of A.R.'s father. In an undated allonge, A.R.'s father made the note payable to himself as the trustee of a revocable trust. A.R.'s father also assigned all his rights, title, and interest in the mortgage to the revocable trust. In a second undated allonge, A.R.'s father, as trustee of the revocable trust, made the note payable to L.R. In a document dated May 31, 2021, A.R.'s father, as trustee of the revocable trust, assigned all its rights, title, and interest in the mortgage to L.R. The mortgage was recorded in the Cuyahoga County Recorder's office on April 7, 2021.

{¶ 4} A.R. filed a divorce complaint on October 28, 2019, initiating the present matter. S.R. filed an answer and counterclaim for divorce on November 15, 2019, and the matter proceeded through the pretrial process.

{¶ 5} On July 6, 2020, S.R. recorded a Notice of Lis Pendens concerning the divorce action.

{¶ 6} On or about August 30, 2021, L.R. filed a complaint in foreclosure in the Cuyahoga County Court of Common Pleas, General Division.

{¶ 7} On May 10, 2022, A.R.'s legal counsel filed a motion to withdraw as counsel claiming that the lower court had exhibited bias towards counsel. In a May 18, 2022, order, the then-trial judge found the allegations were unsubstantiated. However, the originally assigned judge recused herself, stating that she did so to avoid any appearance of impropriety. That judge then ordered the matter be transferred to the administrative judge. It is undisputed that Judge Leslie Ann Celebrezze was the administrative judge at the time of the order. The order also confirmed that the matter would proceed to trial as previously scheduled. No party opposed the May 18, 2022, order.

{¶ 8} On July 6, 2022, S.R. issued a subpoena to L.R. commanding her to appear and testify as a witness at the trial commencing July 11, 2022. On July 11, 2022, L.R.'s legal counsel entered a notice of appearance and filed a motion for a protective order and to quash the subpoena. Although the trial court did not rule on L.R.'s motion, L.R. did not appear for trial.

{¶ 9} On July 10, 2022, A.R. filed a notice of voluntary dismissal of his complaint. It appears from a review of the trial transcript that pretrial proceedings occurred on July 11, 2022. However, no transcript of those proceedings was made a part of the record.

{¶ 10} The matter proceeded to trial on July 12, 2022. Before the trial commenced, S.R. moved to appoint a receiver to effectuate the sale of a Marital

business, expressly requesting the Court appoint Mark Dottore, President and CEO of Dottore Companies as the Receiver in this matter. When the trial commenced, the court heard opening statements and the first part of S.R.'s testimony on her own behalf. The trial was adjourned before S.R. completed her testimony on direct examination.

{¶ 11} On July 13, 2022, the trial court issued a Judgment Entry appointing the receiver ("the Receiver") S.R. requested in her motion to effectuate the sale of the marital business and to protect and preserve the Marital Home.

{¶ 12} On July 13, 2022, the trial court also issued an Agreed Judgment Entry regarding Guardian ad Litem ("GAL") fees both A.R. and S.R. owed in the matter. On July 25, 2022, the Clerk of the Common Pleas Court of Cuyahoga County, Ohio, filed two certificates of judgment lien in favor of the GAL against A.R. and S.R separately.

{¶ 13} When the trial resumed on July 13, 2022, and before S.R. retook the witness stand, A.R.'s trial counsel requested to address the trial court concerning the order appointing the Receiver. A.R.'s counsel thereafter informed the trial court that he intended to immediately appeal the appointment and requested the trial court grant a stay upon the filing of that appeal. The trial court advised A.R. that although he was within his right to file an appeal of the order of appointment, such an appeal would not divest the trial court of jurisdiction to proceed with the underlying matter and that the court intended to continue with trial. Upon receiving the trial court's advisement of the intention to proceed, A.R.'s counsel

informed the trial court that he was leaving the courtroom. The transcript reflects that both trial counsel and A.R. left the courtroom.

{¶ 14} After A.R. and his trial counsel left, S.R.'s trial counsel called her back to the witness stand and continued his direct examination. Upon completion of S.R.'s testimony on direct, S.R. rested her case. The trial court requested closing arguments be submitted in writing. S.R. filed her closing arguments on August 15, 2022. A.R. did not file a written closing argument.

{¶ 15} Despite A.R.'s trial counsel's statement that he intended to file an immediate appeal of the order appointing the Receiver, A.R. never filed such a notice. Instead, on August 18, 2022, A.R. filed a notice of filing petition in bankruptcy, chapter 13, automatically staying the matter pending resolution of the bankruptcy case.

{¶ 16} On June 6, 2023, the Receiver filed an application for authority to employ a realtor to sell the marital home. No party opposed the Receiver's application. Although no relief from the automatic stay is apparent in the record, the trial court granted the application that same day.

{¶ 17} On June 23, 2023, L.R. filed a combined motion to intervene and motion requesting the trial court deposit the proceeds of the sale of the Marital Home with the Cuyahoga County Court of Common Pleas, General Division. On June 27, 2023, the trial court granted L.R.'s motion to intervene but did not rule on the motion to deposit the proceeds of the sale with Cuyahoga County Court of Common Pleas, General Division.

**{¶ 18}** On June 28, 2023, the Receiver filed a motion/application for authority to sell real property free and clear of liens, encumbrances, and interests with said liens, encumbrances, and interests to attach to the proceeds of the sale ("Motion to Sell"). The motion/application included a notice of deadline for filing objections. The preliminary judicial report attached to the Motion to Sell included the mortgage discussed above and notes that no memorandum of trust was filed for the revocable trust. The preliminary judicial report also included a traditional mortgage and an open mortgage recorded before L.R.'s mortgage and the GAL's two judgment liens recorded after L.R.'s mortgage.

**{¶ 19}** On July 6, 2023, L.R. filed a response to the Receiver's Motion to Sell, wherein L.R. expressly stated that she "does not object to the application to sell property but objects to the attachment of said liens to the proceeds of the sale." In her response, L.R. noted that the property the Receiver requested to sell was the subject of a pending foreclosure action and, relying on R.C. 2329.44, asserted that if "there is a dispute as to the validity of amounts of the liens, the Foreclosure Court must determine the validity and amounts owed and determine whether there exits any excess proceeds." L.R. did not request an evidentiary hearing in her motion.

**{¶ 20}** In a July 6, 2023, judgment entry ("Judgment Entry of Sale"), the trial court granted the Receiver's Motion to Sell. In granting the motion, the trial court indicated it had reviewed the motion, purchase agreement, the preliminary judicial report, and considered the representations made therein and other

statements of parties with respect to the proposed sale. The trial court found it had jurisdiction to hear and determine the sale motion and authority to approve a sale of the property free and clear of all encumbrances and interests, and to transfer the encumbrances and interests to the proceeds derived from the sale. The trial court then ordered the encumbrances and interests be divested from the property and transferred to the sale proceeds "in the same priority and to the same extent they are found to be valid, enforceable, and unavoidable."

{¶ 21} In the Judgment Entry of Sale, the trial court also ordered that "[t]he balances of the first and second mortgages, as well as the liens held by [the guardian ad litem appointed in the case] be satisfied out of the Sale Proceeds." The trial court further ordered that "[n]o part of the Sale Proceeds remaining after the payments authorized by this Order shall be disbursed without further order of this Court." No party timely appealed the Judgment Entry of Sale.

{¶ 22} On July 19, 2023, S.R. filed a Brief in Opposition to [L.R.]'s Motion to Deposit Funds in the Foreclosure Action. The next day, L.R. filed a Reply in Support.

{¶ 23} On August 2, 2023, A.R.'s trial counsel moved to withdraw, which was granted that next day. A.R.'s former trial counsel then moved to intervene on September 7, 2023, which was denied by the trial court on September 13, 2023. A.R.'s former trial counsel appealed the denial of his motion and the underlying matter was stayed pending that appeal. *See Rennell v. Rennell*, 2024-Ohio-2454 (8th Dist.). The Eight District Court of Appeals affirmed on June 27, 2024. *Id.*

{¶ 24} On September 7, 2023, S.R. filed a Notice of Dismissal of Bankruptcy Case indicating that A.R.'s bankruptcy case had been dismissed on August 29, 2023.

{¶ 25} On August 15, 2024, the trial court issued a Judgment Entry granting A.R. and S.R. a divorce ("Judgment Entry of Divorce"). Relevant to L.R.'s appeal, the trial court ordered that the proceeds from the sale of the Marital Home be divided equally between A.R. and S.R. after the first mortgage had been satisfied and that the debts owed to [L.R.] be deemed the sole and separate obligation of [A.R.].

{¶ 26} A.R. timely appealed the Judgment Entry of Divorce, raising one assignment of error for our review. L.R. filed a separate appeal of the Judgment Entry of Divorce, raising two assignments of error for our review. Pending resolution of L.R.'s appeal, the trial court issued a limited stay "regarding distribution of equity" from the sale of the Marital Home. To facilitate our review, we elect to consider L.R.'s second assignment of error before her first assignment of error.

## II.

### A.R.'S ASSIGNMENT OF ERROR ONE

**JUDGE CELEBREZZE LACKED AUTHORITY TO ISSUE THE AUGUST 15, 2024 JUDGMENT ENTRY (1) BECAUSE SHE WAS NOT RANDOMLY ASSIGNED TO THE CASE AS REQUIRED BY THE RULES OF SUPERINTENDENCE AND LOCAL RULES; (2) BECAUSE SHE HAD BEEN PREVIOUSLY DISQUALIFIED BY THE CHIEF JUSTICE OF THE SUPREME COURT OF OHIO FROM HANDLING CASES THAT WERE**

**NOT RANDOMLY ASSIGNED TO HER; AND (3) BECAUSE JUDGE CELEBREZZE'S OWN CONDUCT AND THE INDEPENDENT CHARGES LEVIED AGAINST HER BY OHIO DISCIPLINARY COUNSEL DEMONSTRATE A PATTERN OF INAPPROPRIATE BEHAVIOR AND CORRUPTION AND, THEREFORE, HER PRIOR DECISIONS IN THIS CASE INCLUDING HER AUGUST 15, 2024 JUDGMENT ENTRY SHOULD BE VACATED.**

{¶ 27} In his sole assignment of error, A.R. contends the trial court lacked authority to issue the Judgment Entry of Divorce because, as he asserts, (1) the matter was not randomly assigned to the trial judge in violation of Sup.R. 36.019, (2) the Supreme Court of Ohio disqualified the trial judge in an unrelated case where that matter was not randomly assigned to her, and (3) an Ohio Disciplinary Counsel's complaint against the trial judge "demonstrate[s] a pattern of inappropriate behavior and corruption." Within the body of his argument addressing his third assertion, A.R. also appears to contend that the trial court engaged in judicial misconduct by appointing the specific receiver in this case. Upon review, we find no merit in A.R.'s assignment of error.

{¶ 28} As an initial matter, we must address the exhibits A.R. attached to his appellate brief because several of those exhibits include documents outside the record of appeal. "In reviewing an appellant's claims of error, an appellate court is limited to the facts and evidence set forth in the record of appeal and cannot consider facts outside that record." *Nunn v. Mitchell*, 2024-Ohio-4586, ¶ 15 (8th Dist.), citing *In re Q.S.*, 2023-Ohio-712, ¶ 105 (8th Dist.), citing App.R. 9; App.R. 12(A)(1)(b); *In re K.K.*, 2021-Ohio-3338, ¶ 16, fn. 3 (4th Dist.) ("It is

simply not permissible on direct appeal to consider matters outside of the record."); *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13 ("[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings."); *Herron v. Herron*, 2021-Ohio-2223, ¶ 19 (9th Dist.) ("'Matters outside the record cannot be used to demonstrate error.'"), quoting *In re J.C.*, 2010-Ohio-637, ¶ 15 (9th Dist.). Accordingly, to the extent the documents attached to A.R.'s appellate brief are not a part of the record of appeal, we will not consider them in our review.

{¶ 29} On appeal, A.R. first claims the trial judge did not have authority to issue the Judgment Entry of Divorce because the record is devoid of an entry showing the case was randomly reassigned to her in accordance with Ohio Rule of Superintendence 36.019(A) (renumbered as Sup.R. 5.19 effective July 1, 2026). At the time of the trial court proceedings, that rule stated that "[f]ollowing the recusal of a judge in a multi-judge court or division, the administrative judge shall randomly assign the case among the remaining judges of the court or division who are able to hear the case." Sup.R. 36.019(A).

{¶ 30} A.R.'s reliance on the rule is misplaced. The Rules of Superintendence do not have the same force of a statute or case law and "noncompliance with the rules is generally not grounds for reversal." *Bradley v. Bradley*, 2021-Ohio-2514, ¶ 40 (8th Dist.), quoting *State v. Henderson*, 2018-Ohio-5124, ¶ 70 (7th Dist.). This is because "[t]he Rules of Superintendence are only general guidelines for the conduct of courts and do not create substantive

rights in individuals or procedural law." (Internal quotations omitted.) *Bradley* at ¶ 40.

{¶ 31} Regarding A.R.'s additional assertions on appeal - that the Supreme Court of Ohio disqualified the trial judge in an unrelated matter and that the Ohio Disciplinary Counsel filed a complaint against the trial judge - the Ohio Constitution, Article IV, Section 5(C) "vests exclusive authority to pass on disqualification matters in the chief justice or her designee." *State v. Osie*, 2014-Ohio-2966, ¶ 62. "'Since only the Chief Justice or [her] designee may hear disqualification matters, [a] Court of Appeals [is] without authority to pass upon disqualification or to void the judgment of the trial court upon that basis.'" (Footnote omitted.) *Id.* at ¶ 63, quoting *Beer v. Griffith,* 54 Ohio St.2d 440, 444 (1978).

{¶ 32} A review of the record shows that A.R. never objected to Judge Celebrezze presiding over the case, never requested Judge Celebrezze recuse herself, and never filed an affidavit of disqualification pursuant to R.C. 2701.03 on the basis that the matter was not randomly assigned to Judge Celebrezze. Consequently, A.R. is barred from raising this issue. *See Osie* at ¶ 62-66.

{¶ 33} "We note, however, that '[a]lleged due-process violations . . . may be addressed on appeal.'" *Bertalan v. Bertalan*, 2025-Ohio-1443, ¶ 63 (8th Dist.), quoting *State v. Hunt (In re Thomakos)*, 2020-Ohio-6874, ¶ 4. On appeal, A.R. contends that the trial court appointed the Receiver in this case without giving A.R. meaningful opportunity to oppose S.R.'s motion. Nonetheless, "'[i]t is well

settled that an order appointing a receiver is a final, appealable order [because it] affects a substantial right in a special proceeding.'" *Perozeni v. Perozeni*, 2023-Ohio-1140, ¶10 (8th Dist.), quoting *Hummer v. Hummer*, 2011-Ohio-3767, ¶ 7-8 (8th Dist.). Regardless of A.R.'s claim that he was not given a meaningful opportunity to respond, A.R. did not appeal the judgment entry appointing the Receiver.

{¶ 34} Upon review, we conclude that the argument A.R. raises here could have been raised on direct appeal. "Where a party fails to timely challenge the appointment of a receiver, he is precluded from later challenging that appointment or the authority granted to the receiver." *Hummer* at ¶ 8 (8th Dist.).

{¶ 35} A.R. has not shown that the trial court was without authority to issue the Judgment Entry of Divorce. Additionally, because A.R. could have raised his argument that the trial court appointed the Receiver without giving him a meaningful opportunity to respond to S.R.'s motion in a direct appeal of judgment entry appointing the Receiver, he is precluded from raising it here.

{¶ 36} A.R.'s sole assignment of error is overruled.

### L.R.'S ASSIGNMENT OF ERROR TWO

**THE TRIAL COURT LACKED JURISDICTION OVER MATTERS BROUGHT IN FORECLOSURES**

{¶ 37} Despite her stated assignment of error, L.R. specifically argues withing the body of her argument that the trial court (1) lacked authority "to dispose of [L.R.]'s interest in the Property" and (2) the trial court was required to

deposit the proceeds from the sale "with the Foreclosure Court" because "[i]n the event there is a dispute as to the validity or amount of the liens, the Foreclosure Court must determine the validity and amounts owed and determine whether there exists any proceeds. R.C. 2329.44." However, because L.R. failed to appeal the Judgement Entry of Sale, we are without jurisdiction to consider her arguments.

{¶ 38} "The jurisdiction of both the common pleas court and the domestic relations division is defined by the General Assembly." *Herring v. Coleman*, 2023-Ohio-3245, ¶ 10 (8th Dist.), citing *Pula v. Pula-Branch*, 2011-Ohio-2896, ¶ 6, citing Ohio Constitution Article IV, Sections 4(A) and (B). The jurisdiction of the state domestic relations courts is governed by R.C. 2301.03 and differs by county. Pursuant to R.C. 2301.03(L)(1), in "Cuyahoga County, the domestic relations division has jurisdiction over all marriage-related cases, which limits the ability of other common pleas judges to handle those cases." *Herring*, 2023-Ohio-3245, at ¶ 10 (8th Dist.). Notably, in addition to having jurisdiction over all marriage-related cases, "the legislature has allowed domestic relations judges in Cuyahoga County to '"retain the same powers and jurisdiction * * * as other judges of the court of common pleas.'" *Id.*, quoting *Pula*, 2011-Ohio-2896 at ¶ 6, quoting R.C. 2301.03(L)(1).

{¶ 39} Under R.C. 3105.011(A), the domestic relations division of a court of common pleas "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." In a divorce proceeding, the

court is required to determine what constitutes marital property and separate property and has jurisdiction over all property in which one or both spouses have an interest. R.C. 3105.171(B). A trial court's authority to appoint a receiver is governed by Chapter 2735 of the Revised Code, and it is well settled "that 'Chapter 2329 does not apply to receivership cases.'" *Yidi, L.L.C. v. JHB Hotel, L.L.C.*, 2016-Ohio-6955, ¶ 14, (8th Dist.), quoting *Huntington Bank, L.L.C. v. Prospect Park, L.L.C.*, 2012-Ohio-3261, ¶ 1 (8th Dist.).

{¶ 40} In this case, L.R. did not object to the Receiver's Motion to Sell the Marital Home free and clear of liens. Rather, L.R. *expressly* consented to the Receiver's motion, but requested the trial court order the Receiver to deposit the proceeds from the sale with the court presiding over L.R.'s complaint in foreclosure. On appeal, L.R. concedes that "there is no doubt that the Receiver ha[d] authority to sell the Property" and does not raise an argument that the trial court lacked authority to grant the Receiver's Motion to Sell. On appeal, L.R.'s argument only concerns the trial court's authority over the proceeds from the sale. Specifically, she asserts that pursuant to R.C. 2329.44, when there is "a dispute as to the validity or amounts of the liens, the Foreclosure Court must determine the validity and amounts owed and determine whether there exist any excess proceeds."

{¶ 41} However, R.C. 2329.44 provides the statutory procedure for the distribution of excess funds remaining after the satisfaction of a writ of execution in a foreclosure proceeding. The proceeds at issue in this case were the result of

sale in a receivership case, not the result of a sale pursuant to execution against property in a foreclosure case. Receivership cases are governed by Chapter 2735 of the Revised Code and not Chapter 2329. *See Yidi, L.L.C.* at ¶ 14, (8th Dist.), quoting *Huntington Bank, L.L.C.*, 2012-Ohio-3261, at ¶ 1 (8th Dist.) (it is well settled "that 'Chapter 2329 does not apply to receivership cases.'").

{¶ 42} In the context of a receivership case, a trial court's order granting an order of sale free and clear of liens is a final appealable order with respect to the matters contained in the order. R.C. 2735.04(D)(2)(d). In its Judgment Entry of Sale, the trial court expressly found that it had jurisdiction to (1) hear and determine the sale motion and authority to approve a sale of the property free and clear of all encumbrances and interests and (2) transfer the encumbrances and interests to the proceeds derived from the sale. The trial court then ordered that (1) the encumbrances and interests be divested from the property and transferred to the sale proceeds "in the same priority and to the same extent they are found to be valid, enforceable, and unavoidable[,]" (2) "[t]he balances of the first and second mortgages, as well as the liens held by [the guardian ad litem appointed in the case] be satisfied out of the Sale Proceeds[,]" and (3) "[n]o part of the Sale Proceeds remaining after the payments authorized by this Order shall be disbursed without further order of this Court. Finally, the trial court expressly found there was no just reason for delay. *See* Civ.R. 54(B); *but see* R.C. 2735.04(D)(2)(d); *Sullivan v. Anderson Twp.*, 2009-Ohio-1971, ¶ 8-13 (reasoning

that where the General Assembly has expressly determined that an order is final and appealable, the inclusion of Civ.R. 54(B) language is not necessary).

{¶ 43} "Where an appeal is not timely perfected, 'the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal.'" *Malaj v. Abeid*, 2024-Ohio-2256, ¶ 30 (8th Dist.), quoting *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988). This Court's review is limited to the trial court's Judgment Entry of Divorce filed August 15, 2024. Upon review, we conclude that the issues L.R. raises in her second assignment of error could and should have been raised on appeal of the Judgment Entry of Sale filed July 6, 2023.

{¶ 44} Therefore, L.R.'s second assignment of error is overruled.

## L.R.'S ASSIGNMENT OF ERROR ONE

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF OHIO REV. CODE § 2735.04 BY FAILING TO ORDER THE TRANSFER OF THE PROCEEDS OF THE SALE OF REAL PROPERTY IN THE HANDS OF THE RECEIVER WITH THE SAME PRIORITY AS THOSE LIENS PREVIOUSLY ATTACHED TO THE REAL PROPERTY.**

{¶ 45} In her first assignment of error, L.R. contends the trial court erred by failing to order the transfer of the proceeds of the sale of the Marital Home in the same order of priority as those liens were previously attached to the Marital Home prior to the sale. For the reasons that follow, we sustain L.R.'s assignment of error.

{¶ 46} Relevant to L.R.'s appeal, the trial court stated in its Judgment Entry of Divorce:

> The Court finds the parties owned a home located . . . [in] Rocky River, Ohio. The marital home was sold during the pendency of this action. The marital residence was subject to a mortgage held by Shellpoint Bank and a line of credit from held by Key Bank. The Court finds, based on the evidence and testimony, the line of credit from Key Bank was used solely for business purposes and was paid for through the parties' marital business, Resource Title.
>
> [L.R.] recorded a mortgage deed on said property on April 7, 2021 in the amount of $363,895.00 and a subsequent foreclosure action was filed. The Court finds no prior attempts had been made to obtain repayment on the alleged debt until the divorce proceeding was filed. The Defendant testified she had no knowledge of the alleged debt owed to Plaintiff's mother. Plaintiff offered no rebuttal testimony or evidence. The Court finds the debt was documented only with paperwork prepared by Plaintiff's family; no evidence or testimony was presented that alleged loan was used for marital purposes ; no requests were made on repayment until the divorce proceedings began, even though the loan was allegedly made in 2009 and no documentation regarding the receipt of money was provided by Plaintiff. Defendant testified she was without knowledge as to the amount of money received and that it would have to be repaid.
>
> . . .
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED the proceeds from the sale of the marital home shall be divided equally among the parties after the first mortgage has been satisfied. The debts owed to [L.R.] shall be deemed the sole and separate obligation of [A.R.] and [S.R.] shall be held harmless on such.

{¶ 47} On appeal, L.R. contends the trial court erred by concluding A.R. and S.R.'s separate interests in the proceeds of the sale were superior to her lien. In response, S.R. asserts that (1) L.R.'s argument is barred because she failed to appeal the Judgment Entry of Sale approving the sale of the Marital Home free

and clear of liens, (2) L.R.'s failure to appear at the trial and present evidence regarding her superior lien constitutes an invited error, and (3) S.R.'s interest in the property is superior to L.R.'s interest under the doctrine of lis pendens. A.R. did not file a responsive brief. Upon review, we conclude that S.R.'s arguments lack merit.

{¶ 48} Concerning S.R.'s first assertion, a review of the Judgment Entry of Sale shows the trial court did not address the priority between L.R.'s interest in the property and the parties' interest. Instead, the trial court ordered that "[t]he balances of the first and second mortgages, as well as the liens held by [the guardian ad litem appointed in the case] be satisfied out of the Sale Proceeds." The trial court then ordered that "[n]o part of the Sale Proceeds remaining after the payments authorized by this Order shall be disbursed without further order of this Court." Thus, contrary to S.R.'s contention, the trial court made no determination regarding the priority of interests between S.R. and L.R. Consequently, L.R.'s failure to appeal the July 6, 2023 Judgment Entry of Sale does not bar her from asserting that the trial court erred when it made that determination in the August 15, 2024, Judgment Entry of Divorce.

{¶ 49} As to S.R.'s second contention, the doctrine of invited error is inapplicable. Under the invited-error doctrine, 'a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make.'" *O'Malley v. Laborers' In"l Union of N. Am. Loc. 860*, 2024-Ohio-3103, ¶ 17 (8th Dist.), quoting *State ex rel. Beaver v. Konteh*, 83 Ohio St.3d 519, 521

(1998). "'Invited error is a branch of the waiver doctrine that estops a party from seeking to profit from an error that the party invited or induced.'" *O'Malley* at ¶ 17 (8th Dist.), quoting *Koch v. Rist*, 89 Ohio St.3d 250, 256 (2000). A review of the record shows that L.R. was not a party to the case at the time of trial and that the trial took place more than eleventh months before the Receiver filed his Motion to Sell the Marital Home free and clear of liens.

{¶ 50} In her third assertion, S.R. contends her interest in the Marital Home was superior to L.R.'s mortgage because she caused a notice of lis pendens to be filed with the Cuyahoga County Recorder before L.R. caused the mortgage deed to be recorded.

{¶ 51} However, the doctrine of lis pendens is inapplicable to the facts of this of this case. "Under Ohio law, failure to record a mortgage does not make the mortgage invalid or ineffective between the mortgagor and the mortgagee." *OC Prop. Mgt., L.L.C. v. Gerner & Kearns Co., L.P.A.*, 2008-Ohio-4709, ¶ 17 (8th Dist.). R.C. 5301.23(A) provides, in relevant part, "[a]ll properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." "[T]he 'failure or success of recording an instrument has no effect on its validity as between the parties to that instrument.'" *Acacia on the Green Condo. Assn., Inc. v. Jefferson*, 2016-Ohio-386, ¶ 21 (8th Dist.), quoting *Bank One, N.A. v. Dillon*, 2005-Ohio-1950, ¶ 9 (9th Dist.).

{¶ 52} Here, it is undisputed that although the mortgage deed at issue was not recorded until April 2021, A.R. and S.R. executed the deed in September 2007. Moreover, the doctrine of lis pendens is not a substantive right and does not create a lien. *Haber Polk Kabat, L.L.P. v. Condominiums at Stonebridge Owners' Ass'n, Inc.*, 2017-Ohio-8069, ¶ 16, fn.7 (8th Dist.), quoting *Whitaker v. Paru Selvam, LLC*, 2015-Ohio-3166, ¶ 31 (2d Dist.), quoting *Irwin Mtge. Corp. v. Dupee*, 2012-Ohio-1594, ¶ 10 (12th Dist.). The doctrine of lis pendens, codified in R.C. 2703.26, provides that "[w]hen a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." "'The purpose of the recording statutes is to put other lienholders on notice and to prioritize the liens.'" *Jefferson*, 2016-Ohio-386, at ¶ 21 (8th Dist.), quoting *GMAC Mtge. Corp. v. McElroy*, 2005-Ohio-2837, ¶ 16 (5th Dist.). As such, the doctrine is inapplicable to the facts of this case.

{¶ 53} Our rejection of S.R.'s arguments in response to L.R.'s first assignment of error does not end our inquiry. The question of whether the trial court erred when it determined the priority of the transferred liens from the sale of the Marital Home to the proceeds in the hands of the receiver remains.

{¶ 54} R.C. 2735.01(A) authorizes a trial court to appoint a receiver under certain circumstances, including in an action between parties jointly owning property when it is shown that property is in danger of being lost, removed, or materially injured or in an action in which receivers have been appointed by

usages of equity. R.C. 2735.01(A); *see Jardine v. Jardine*, 2022-Ohio-1754, ¶ 13 (8th Dist.), citing R.C. 2735.01(A)(1) and (7). "The use of a receiver to maintain and administer marital property during the pendency of a divorce is such an instance." *Jardine* at ¶ 13 (8th Dist.), citing *Lockard v. Lockard*, 2008-Ohio-1577, ¶ 4 (7th Dist.).

{¶ 55} "R.C. 2735.04 enables a trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate." *Williams v. Schneider*, 2018-Ohio-968, (8th Dist.) ¶ 76, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74 (1991). "'The primary purpose of a receiver is to carry out the orders of the * * * court, which has the power "to exercise its sound discretion to limit or expand a receiver's powers as it deems appropriate."'" *Carr v. Acacia Country Club Co.*, 2012-Ohio-4723, ¶ 29 (8th Dist.), quoting *Natl. City Bank v. Semco, Inc.*, 2009-Ohio-3319, ¶ 8 (3d Dist.), quoting *State ex rel. Celebrezze*, 60 Ohio St.3d at 74.

{¶ 56} Pursuant to R.C. 2735.04(D)(1)(a), a trial court may authorize a receiver to sell property free and clear of liens subject to the approval and supervision of the court. However, when a receiver sells real estate free and clear of liens, upon the receiver's recording of the deed from the receiver to the purchaser, the liens on the real property are cancelled and thereafter transferred to the proceeds of the sale in the hands of the receiver. R.C. 2735.04(D)(3)(b). A sale free and clear does not preclude prior lienholders from recovery. *Williams* at ¶ 80.

{¶ 57} In its Judgment Entry of Sale, the trial court ordered that upon the sale of the Marital Home, the encumbrances and interests be divested from the property and transferred to the sale proceeds "in the same priority and to the same extent they are found to be valid, enforceable, and unavoidable." The preliminary judicial report attached to the Receiver's Motion to Sell included L.R.'s mortgage, a traditional mortgage, an open-mortgage, and the GAL's two judgment liens. Although the trial court addressed the traditional mortgage, the open-end mortgage, and the GAL's liens, it made no determination about L.R.'s mortgage.

{¶ 58} Next, a review of the Judgment Entry of Divorce shows that the trial court did not find that L.R.'s mortgage deed was invalid, unenforceable, or void. Instead, the trial court ordered that the debt was the sole and separate obligation of A.R. However, because the proceeds in the hands of the Receiver are the result of a sale pursuant to R.C. 2735.04(D)(3)(b), L.R.'s mortgage lien was transferred by operation of law and L.R. had a vested interest in the remaining proceeds. It is unclear from the trial court's Judgment Entry of Divorce whether the trial court found that L.R.'s mortgage was (1) invalid, unenforceable, or void, (2) invalid, unenforceable, or void as to S.R. only, or (3) valid and enforceable but junior to S.R. and A.R.'s equitable interest in the property. Because the trial court's determination on this issue is necessary for our review, we conclude that this matter must be remanded for the trial court to make that determination in the first instance.

{¶ 59} L.R.'s second assignment of error is sustained.

### III.

{¶ 60} A.R.'s sole assignment of error and L.R.'s second assignment of error are overruled. L.R.'s second assignment of error is sustained. The judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and remanded.

{¶ 61} We note that A.R. did not appeal the trial court's division of the parties' marital debt. As such, our holding on L.R.'s first assignment of error should not be read as a determination that the trial court erred with regard to that division.

{¶ 62} Finally, counsel for Appellant L.R. filed a Notice of Suggestion of Death. Upon remand, the trial court may take any action necessary to appoint a personal representative. App.R. 29(A); Civ.R. 25.

{¶ 63} Judgment affirmed in part, reversed in part and remanded.

_____
SCOT ALLAN STEVENSON, PRESIDING JUDGE

TERRI JAMISON, J., and
MICHAEL C. MENTEL, J., CONCUR

(Sitting by assignment: Scot A. Stevenson, P.J., of the Ninth District Court of Appeals and Terri Jamison, J., and Michael C. Mentel, J., of the Tenth District Court of Appeals.)